UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**BENITO MURILLO CUERO**

                                     **Case No. 8:13-CV-1305-T-27TBM**

**vs.**                                  **Case No. 8:05-CR-365-T-27TBM**

**UNITED STATES OF AMERICA**

_____/

## ORDER

**BEFORE THE COURT** is Petitioner's *pro se* "Motion to Dismiss Under That Congress Lacks Constitutional Authority to reach Drug Crimes in Foreign Waters" (CV Dkt. 1; CR Dkt. 535-2), which is construed as a Section 2255 motion to vacate. The motion is DISMISSED as time barred.

Because Petitioner's motion constitutes a collateral attack on his conviction and the proper avenue of relief is under 28 U.S.C. § 2255, Petitioner was notified pursuant to *Castro v. United States*, 540 U.S. 375 (2003) that his motion would be re-characterized as a motion to vacate under 28 U.S.C. § 2255, and that a subsequent Section 2255 motion would be subject to the restrictions on second or successive motions (CR Dkt. 539). Petitioner was instructed that he could (1) withdraw his motion, (2) file an amended motion, or (3) have the motion construed as a Section 2255 motion as filed. Petitioner was further instructed that his motion would be construed as a Section 2255 motion if he did not respond to the Castro notice. Petitioner did not respond to the *Castro* notice.[1]

Pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings for the United States

---

[1] Subsequent to the *Castro* notice, Petitioner filed a "Motion for Newly Discovered Evidence Under That Congress Lacks Constitutional Authority to reach Drug crimes in Foreign Waters," in which he reasserts the same contention he raises in his construed Section 2255 motion (CR Dkt. 541). To the extent that motion seeks reconsideration of the Order directing Petitioner to respond to the *Castro* notice (CR Dkt. 539), the motion is denied.

1

District Courts (2005),[2] the Court has undertaken a preliminary review of the construed Section 2255 motion and the prior proceedings in the underlying criminal case. The motion is due to be summarily dismissed without an evidentiary hearing because it plainly appears from the face of the motion and the prior criminal proceedings that Petitioner is not entitled to relief because the motion is time-barred. *Murphy v. United States*, 634 F.3d 1303, 1306 n.8 (11th Cir. 2011). A response to the motion is therefore unnecessary.

### Procedural History

Petitioner pleaded guilty to possession with intent to distribute five or more kilograms of cocaine while on board a vessel subject to the jurisdiction of the United States and conspiracy to possess with intent to distribute five or more kilograms of cocaine while on board a vessel subject to the jurisdiction of the United States (CR Dkt. 301). He was sentenced to concurrent terms of 144 months and an Amended Judgment was entered on November 1, 2006 (CR Dkt. 389). His conviction was affirmed on appeal and the mandate was issued on November 15, 2007 (CR Dkt. 109). *United States v. Mina*, 255 Fed. Appx. 437 (11th Cir. 2007).[3] This is his first collateral attack on his sentence and conviction.

### Timeliness

Generally, a Section 2255 motion must be filed within one year of when a conviction becomes final. 28 U.S.C. § 2255(f). When a direct appeal is filed, a conviction becomes final 90 days after the appellate mandate issues, unless a timely petition for certiorari review is filed with the

---

[2] Rule 4(b) provides, in pertinent part, that "[t]he judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."

[3] Petitioner did not seek certiorari in the United States Supreme Court. Certiorari was denied as to his co-defendants. *Mina v. United States*, 554 U.S. 905 (2008).

United States Supreme Court. *Ramirez v. United States*, 146 Fed.Appx. 325, 326 (11th Cir. 2005).

Petitioner's appellate mandate issued on November 15, 2007 (Dkt. 501). His conviction therefore

became final on February 13, 2008, ninety days after the mandate issued, since he did not seek

certiorari review in the United States Supreme Court. Accordingly, he had one year from February

13, 2008 within which to file a timely § 2255 motion to vacate. The instant motion was filed more

than five years after his conviction became final. Accordingly, absent an exception to the one year

limitation period or a showing that the one year limitation period was triggered by a later date under

§ 2255(f)(2)-(4), the motion is time-barred.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "established a

mandatory, one-year 'period of limitation' for § 2255 motions, which runs from the latest of:

> (1)   the date on which the judgment of conviction becomes final;
>
> (2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable on collateral review; or
>
> (4)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."

*Jones v. United States*, 304 F.3d 1035, 1037-38 (11th Cir. 2002) (citing 28 U.S.C. § 2255(f)(1)-(4)).

To avoid the limitations bar, a Petitioner must show that he was prevented from filing a

timely motion because of extraordinary circumstances that were beyond his control and unavoidable

even with diligence. *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002). In the *Castro* notice, Petitioner was directed to show cause why his construed Section 2255 motion should not be dismissed as time barred (Dkt. 539, p. 3). As noted, Petitioner failed to respond to the *Castro* notice.

There is nothing in the record indicating that an impediment created by governmental action prevented Petitioner from filing a timely § 2255 motion or that he could not have discovered the facts supporting his claim through the exercise of due diligence. Rather, Petitioner's motion relies solely on the recent opinion in *Bellaizac-Hurtado* in support of his claim that application of the Maritime Drug Law Enforcement Act, 46 U.S.C. §§ 70503(a) and 70506 ("MDLEA") in his case was unconstitutional.

Implicit in Petitioner's motion is a contention that *Bellaizac-Hurtado* constitutes a new legal right and that the one year limitation period was extended under 28 U.S.C. §2255(f)(3). Such a contention would be misplaced. Section 2255(f)(3) does not delay the start of the one year limitation period because that section requires the recognition of a new right by the U.S. Supreme Court made retroactive to cases on collateral review. *Bellaizac-Hurtado* is a circuit court decision.

Neither does Section 2255(f)(4) extend the limitation period. A judicial decision does not constitute new factual information affecting a defendant's claim. *See Madaio v. United States*, 397 Fed. Appx. 568, 570 (11th Cir. 2010) ("Since Section 2255(f)(4) is predicated on the date that 'facts supporting the claim' could have been discovered, the discovery of a new court legal opinion, as opposed to new factual information affecting the claim, does not trigger the limitations period.").

To the extent Petitioner's motion challenges subject matter jurisdiction, the one year limitation period would nonetheless bar his claim. *Williams v. United States*, 383 Fed.Appx. 927,

929 (11th Cir. 2010), *cert. denied*, 131 S.Ct. 846 (2010).[4] While a guilty plea does not waive subject

matter jurisdiction and lack of subject matter jurisdiction may be challenged at any time, *United*

*States v. Peter*, 310 F.3d 709, 713 (11th Cir. 2002), there is no claim in Petitioner's motion that his

Indictment failed to charge an offense under the United States Code or that he was convicted of a

"non offense." *See United States v. McIntosh*, 704 F.3d 894, 902 (11th Cir. 2013) (where indictment

does not charge an offense under the United States Code, district court is deprived of jurisdiction).

Rather, his motion raises an *as applied* challenge to the MDLEA. By pleading guilty, Petitioner

waived his "as applied" challenge to the constitutionality of the MDLEA, since such a challenge is

nonjurisdictional. *United States v. Feaster*, 394 Fed.Appx. 561, 564 (11th Cir. 2010), *cert. denied*,

131 S.Ct. 968 (2011).[5]

      Petitioner's conviction became final more than one year before he filed his § 2255 motion

to vacate. None of the statutory exceptions which extend the one year limitation period apply. And

Petitioner makes no showing of equitable tolling. The motion is therefore time-barred.

### The Merits

      Even if Petitioner's claim is not time-barred, it is subject to summary dismissal on the merits.

In his motion, Petitioner raises a single claim in which he challenges the application of the MDLEA

---

[4] There is authority that a challenge to the facial constitutionality of the MDLEA constitutes a jurisdictional challenge which is not waived by a guilty plea. *See United States v. Madera-Lopez*, 190 Fed. Appx. 832, 834 (11th Cir. 2006). Notwithstanding, in this Circuit the MDLEA has consistently been upheld against constitutional challenges. *See United States v. Estupinan*, 453 F.3d 1336, 1338-39 (11th Cir. 2006); *United States v. Tinoco*, 304 F.3d 1088 (11th Cir. 2002), *cert. denied*, 538 U.S. 909 (2003); *United States v. Rendon*, 354 F.3d 1320, 1324-25 (11th Cir. 2003), *cert. denied*, 541 U.S. 1035 (2004); *United States v. Estupinan-Estupinan*, 244 Fed.Appx. 308, 309-10 (11th Cir. 2007).

[5] Even if Petitioner's motion could be construed to include a claim of actual innocence, he fares no better. Assuming that a showing of actual innocence constitutes an exception to the AEDPA's one year limitation period, Petitioner makes no showing of actual innocence. "Actual innocence," for these purposes, means "factual innocence," as opposed to mere legal innocence. *Bousley v. United States*, 523 U.S. 614, 623 (1998); *Rozzelle v. Sec'y, Fla. Dept. of Corr.*, 672 F.3d 1000, 1013 (11th Cir. 2012). Petitioner's argument would necessarily be that his drug activities did not constitute a crime because Congress did not have the authority to proscribe narcotic trafficking on the high seas. In the context of a limitations discussion, this constitutes a claim of legal innocence as opposed to factual innocence.

to his case. Relying on *United States v. Bellaizac-Hurtado*, 700 F.3d 1245 (11th Cir. 2012), he contends that his conviction should be vacated for lack of subject matter jurisdiction, arguing that the United States "has no jurisdiction to prosecute drug-trafficking activities occurring on other nations [sic] territorial waters."

In *Bellaizac-Hurtado*, the Maritime Drug Law Enforcement Act, 46 U.S.C. §§ 70503(a) and 70506 ("MDLEA") was found unconstitutional as applied to drug-trafficking activities "in the territorial waters of Panama." *Bellaizac-Hurtado* at 1258 (emphasis added). The Court reasoned: "Because drug trafficking is not a violation of customary international law, . . . Congress exceeded its power, under the Offences Clause [of the U.S. Constitution] when it proscribed the defendants' [drug trafficking] conduct in the territorial waters of Panama." *Id.* (emphasis added). *Bellaizac-Hurtado* is therefore limited to instances where a defendant is prosecuted under the MDLEA for drug activities in a foreign country's territorial waters, as opposed to international waters.

Petitioner's reliance on *Bellaizac-Hurtado* is misplaced. *Bellaizac–Hurtado* is factually distinguishable from Petitioner's case. The vessel on which Petitioner was found was interdicted in international waters in the eastern Pacific Ocean, specifically "several hundred miles outside Columbia's territorial waters and exclusive economic zone," traveling in a westerly direction (Dkt. 235, order denying motion to suppress). Accordingly, *Bellaizac-Hurtado* has no application to Petitioner's case.

On appeal, the Eleventh Circuit confirmed that the district court had subject matter jurisdiction over Petitioner's actions under the MDLEA. Indeed, the Court in *Bellaizac-Hurtado* recognized that Eleventh Circuit precedent has upheld the constitutionality of MDLEA prosecutions involving "conduct on the high seas." *Id.* at 1257; *see United States v. Estupinan*, 453 F.3d at 1338-39 (extraterritorial MDLEA prosecution of drug traffickers interdicted in international waters off

Ecuador is constitutional exercise of authority pursuant to Piracies and Felonies Clause, which "empowers Congress '[t]o define and punish Piracies and Felonies on the high Seas, and Offences against the Law of Nations.' U.S. Const., art. I, § 8, cl. 10."), *cert. denied,* 549 U.S. 1267 (2007)).

Petitioner's Motion to Dismiss (CR Dkt. 109) is therefore DISMISSED.   The Clerk is directed to close this case.

**CERTIFICATE OF APPEALABILITY AND
LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability or to proceed *in forma pauperis* on appeal.   There is no absolute right to appeal in this instance.   A certificate of appealability must be issued upon a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).   Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).   Petitioner has not made the required showing.

**DONE AND ORDERED** this 29th day of May, 2013.

**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to:
Petitioner, *pro se*
Counsel of Record